THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY RADCLIFFE, Appellant. [808 NYS2d 22]—

Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered July 10, 2003, as amended September 25, 2003, convicting defendant, after a nonjury trial, of criminal possession of a weapon in the second degree and assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years and 7 years, respectively, unanimously affirmed.

The court properly denied defendant's suppression motion in all respects. When the victim identified defendant's photo from an array, this provided the police with probable cause to arrest defendant (*see People v Palacio,* 121 AD2d 282, 283 [1986], *lv denied* 68 NY2d 916 [1986]). We reject defendant's argument that this identification was insufficiently reliable to establish probable cause. Although at the time of the identification the victim was hospitalized and under the influence of medication, the detective testified that the victim was lucid and that he unequivocally identified defendant's photo (*cf. People v Gloster,* 175 AD2d 258, 262 [1991], *lv denied* 78 NY2d 1011 [1991]). The victim's subsequent lineup identification was not unduly suggestive. The record establishes that any physical disparities between defendant and the other lineup participants were minimal and did not draw undue attention to defendant (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The lineup identification was not rendered infirm because the

victim had seen a composite sketch that bore a resemblance to defendant.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the court's determinations concerning identification and credibility.

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Marlow, Ellerin, Gonzalez and McGuire, JJ.