■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY McCULLOUGH, Appellant. [818 NYS2d 328]—

Mugglin, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 17, 2004, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree, criminal trespass in the third degree, trespass and unlawful possession of marihuana.

Because 15 Fulton Street in the Village of Monticello, Sullivan County, was a known location for narcotics dealing, the absentee landlord had given the police a key to the front door and permission to enter the common areas of the apartment building to remove trespassers and to attempt to limit the amount of criminal activity occurring on the premises. On October 1, 2003, at approximately 3:45 P.M., Detective Thomas O'Connor of the Monticello police, having checked the premises, returned to his police vehicle in front of the house where he was visiting with another village officer in an adjacent patrol car. At that time, O'Connor observed defendant coming from the backyard of the premises toward him. O'Connor had known defendant for approximately 10 years, had previously arrested him at least twice at 15 Fulton Street for trespass and possession of a controlled substance, and had numerous times ordered him off the premises without arresting him. O'Connor also knew that defendant had relatives who resided at 15 Fulton Street.

When defendant saw the police, he stopped, turned and ran. O'Connor ordered him to stop and when defendant did not, he drove his police car down the alley behind 15 Fulton Street and, thereafter, pursued defendant, on foot, through the neighboring backyards to the edge of a pond where he saw defendant throw a plastic bag in the water and make "sweeping" motions with his hand on the ground where he stood. Defendant then approached O'Connor and tried to pass. O'Connor placed defendant under arrest for trespassing on the property next to 15 Fulton Street and, upon searching the area, recovered two plastic bags from the pond. One bag contained one foil packet with cocaine in it. The other contained seven such packets. O'Connor picked up 42 more packets where defendant had been "sweeping" the ground. O'Connor also found marihuana, cash, a pager and a communications device in defendant's pockets. County Court conducted a *Mapp/Dunaway* hearing and denied defendant's suppression motion. Defendant was subsequently convicted of criminal possession of a controlled substance in the fourth degree, criminal trespass in the third degree, trespass and unlawful possession of marihuana and was sentenced, as a second felony offender, to a term of 5 to 10 years.

On appeal, defendant asserts that County Court erroneously denied his suppression motion. We agree. Police pursuit of a fleeing individual "must be justified by reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Holmes*, 81 NY2d 1056, 1057-1058 [1993]). Where the police have observed specific conduct indicating that the suspect may be engaged in criminal activity, pursuit is justified (*see e.g. People v Matienzo*, 81 NY2d 778 [1993]; *People v Martinez*, 80 NY2d 444, 448 [1992]; *People v Leung*, 68 NY2d 734 [1986]). Here, no such specific conduct was observed. "Flight alone, however, or even in conjunction with equivocal circumstances that might justify a police request for information, is insufficient to justify pursuit because an individual has a right 'to be let alone' and refuse to respond to police inquiry" (*People v Holmes, supra* at 1058 [citations omitted]; *cf. Illinois v Wardlow*, 528 US 119, 124-125 [2000]). While defendant's flight may be considered in context with the time, the location and any other conduct indicative of criminal activity (*see People v Martinez, supra* at 448), no indicia other than location exists in this case. It therefore follows that the pursuit by the officer was not justified, and the arrest for trespassing on the neighboring property—which occurred during the pursuit—was unlawful. Moreover, as O'Connor was in continuous close pursuit of defendant, defendant's act of throwing away the cocaine was a "spontaneous reaction to the sudden and unexpected pursuit by the offi-

cers" not "an 'independent act involving a calculated risk' attenuated from the underlying police conduct" (*People v Holmes*, 181 AD2d 27, 31-32 [1992], *affd* 81 NY2d 1056 [1993], quoting *People v Grant*, 164 AD2d 170, 174 [1990], *appeal dismissed* 77 NY2d 926 [1991]). The search of defendant's person, not being incident to a lawful arrest, was illegal.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed. [*See* 3 Misc 3d 1103(A), 2004 NY Slip Op 50361(U) (2004).]