THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SMALLS, Appellant. [922 NYS2d 461]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered November 12, 2008, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal trespass in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the counts of the indictment charging criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree are dismissed (*see People v Rossi*, 80 NY2d 952 [1992]), and the matter is remitted to the Supreme Court, Queens County, for a new trial on the count of the indictment charging criminal trespass in the third degree (*see People v Perkins*, 189 AD2d 830 [1993]).

The following testimony was adduced at the defendant's *Mapp/Dunaway* hearing (*see Mapp v Ohio*, 367 US 643 [1961]; *Dunaway v New York*, 442 US 200 [1979]). At approximately 1:10 A.M. on May 20, 2006, four uniformed police officers on foot patrol at a New York City public housing project heard a gunshot while inside one of the public housing buildings. They determined that the sound had emanated from the rear of the

building, but the sole officer testifying àt the hearing agreed that he did not know the gunshot's precise location. When the officers went outside and arrived at the back of the building, they saw a group of four male and one female youths. The group members, one of whom was the defendant, were merely walking away from the building at a normal pace. The officers followed the five individuals for three blocks, during which period none of the individuals behaved in a suspicious manner.

Next, the lone female looked back in the direction of the officers and gestured to her male companions, and the four males ran. The police gave chase and followed them inside one of the public housing buildings and up the stairwells to the roof. During the pursuit, the defendant handed a gun to another group member, his brother Ronnie Smalls, in plain sight of an officer, and the gun's magazine fell onto the stairwell. The gun, which was loaded, was later recovered one or two feet away from Ronnie.

The branch of the defendant's omnibus motion which was to suppress physical evidence should have been granted. In light of the facts that no group member engaged in suspicious behavior immediately after the shot was heard or during the three-block walk away from the general location of the gunshot, the police lacked reasonable suspicion when they pursued the four males after they fled (*see People v Holmes*, 81 NY2d 1056, 1057-1058 [1993]; *People v Johnson*, 64 NY2d 617, 618 [1984]; *Matter of Emmanuel O.*, 32 AD3d 948, 949-950 [2006]; *People v McCullough*, 31 AD3d 812, 813-814 [2006]; *People v Brogdon*, 8 AD3d 290, 291-292 [2004]; *People v Hooper*, 245 AD2d 1020, 1020-1021 [1997]; *People v McFadden*, 136 AD3d 934, 934-935 [1988]). The fact that an officer testified at the hearing that the public housing building into which the males ran had "no trespassing" signs is of no consequence, as the record suggests that the officers' unlawful pursuit began before the males reached this location. In any event, there is no evidence that, during the pursuit, the police had any basis for believing that the defendant and other group members did not in fact live in the public housing complex (*see People v William II*, 98 NY2d 93, 98 [2002]; *People v McCullough*, 31 AD3d at 813-814; *People v Young*, 202 AD2d 1024, 1025-1026 [1994]; *cf. People v Caba*, 78 AD3d 857, 858 [2010]). Additionally, the defendant's act of parting with the gun "was a spontaneous reaction to the sudden and unexpected pursuit by the officers," as opposed to "an independent act involving a calculated risk attenuated from the underlying police conduct" (*People v McCullough*, 31 AD3d at 813-814 [internal quotation marks omitted]). Accordingly, we reverse the judgment.

In light of our determination, we need not address the defendant's remaining contentions. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.