11-530-cv
*Cornell v. Kapral*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 1st day of May, two thousand twelve.

PRESENT:

> JOHN M. WALKER,
> JOSEPH M. MCLAUGHLIN,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

---

August F. Cornell,

> *Plaintiff-Appellant,*

> v.                                                                 No. 11-530-cv

Scott Kapral, individually and in his official capacity as a police officer with the Town of DeWitt, and Town of DeWitt,

> *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          A.J. BOSMAN, Bosman Law Firm LLC, Rome, NY.

**FOR DEFENDANT-APPELLEES:**                    FRANK W. MILLER, (Brian Georgiady, *on the brief*), The Law Firm of Frank W. Miller, East Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant August F. Cornell ("Cornell") appeals from the January 11, 2011 judgment of the District Court granting summary judgment to defendants-appellees, Sergeant Scott Kapral ("Kapral") and the Town of DeWitt (the "Town"), and dismissing Cornell's malicious prosecution, malicious abuse of process, false arrest, and *Monell* claims brought pursuant to 42 U.S.C. § 1983.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Briefly, Cornell was the owner of Erie Gem and Watch, a consignment retail shop located in DeWitt, New York. In or around March 2006, a former customer of Erie Gem and Watch, Michael Hughes, contacted the Town of DeWitt Police Department regarding a transaction he had entered with Cornell. Kapral, an investigator employed by the Town of DeWitt Police Department, gathered voluntary sworn affidavits from former customers and employees of Erie Gem and Watch. Cornell was arrested on April 5, 2006, and charged with two counts of Grand Larceny in the Third Degree and a Scheme to Defraud in the First Degree. The Onondaga County Grand Jury returned an indictment in September 2006, charging Cornell in eight counts of Grand Larceny in the Fourth Degree and a Scheme to Defraud in the First Degree. The indictment was subsequently dismissed on the ground that Cornell was not properly afforded the opportunity to testify before the grand jury.

We review an order granting summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). We review for abuse of discretion the denial of leave for discovery

2

under Rule 56(d) of the Federal Rules of Civil Procedure. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).[1]

On appeal, Cornell principally contends that summary judgment was premature because he was "deprived of the opportunity to prove his claims" by engaging in discovery. Pl.'s Br. 9. This argument is without merit. The record makes clear that in the six months that elapsed between the parties' initial disclosures in November 2009 and the defendants' motion for summary judgment in May 2010, neither party served a discovery demand or noticed a deposition.[2] Moreover, Cornell failed to file an affidavit sufficiently explaining the need for additional discovery, as required by Rule 56(d) of the Federal Rules of Civil Procedure, which "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994). On these facts, the District Court did not err in refusing Cornell's request for an extension of time to conduct additional discovery.

Cornell further argues that the District Court erred by holding that the grand jury indictment of Cornell established the existence of probable cause and therefore barred Cornell's claim for malicious prosecution. Under New York law, a grand jury indictment "creates a presumption of probable cause that may *only* be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983)).[3] In this case, Cornell argues that the presumption should not apply because "no indictment was issued with respect to the criminal charges commenced by Defendant Kapral." Pl.'s Br. 8. This is incorrect. Following his April 2006 arrest, Cornell was charged with Grand Larceny in the Third Degree and a Scheme to Defraud in the First Degree. The grand jury indictment subsequently charged Cornell with a Scheme to Defraud in the First Degree and eight counts of Grand Larceny in the Fourth Degree. Thus—contrary to Cornell's assertion—the grand jury returned an indictment against Cornell for one of the same charges (a Scheme to Defraud in the First Degree) that followed from his April arrest.

---

[1] Recent amendments to the Federal Rules of Civil Procedure (effective December 1, 2010) moved the relevant provision to Fed. R. Civ. P. 56(d), without substantive change.

[2] The informal e-mail communication between counsel did not conform to the requirements of Rule 30 of the Federal Rules of Civil Procedure, which provides that a notice of deposition "must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1).

[3] As the District Court correctly noted, "'the presumption of probable cause arising from an indictment applies only in causes of action for malicious prosecution and is totally misplaced when applied in false [arrest] cases.'" *Cornell v. Kapral*, No. 09-cv-0387 (GTS/ATB), 2011 WL 94063 (N.D.N.Y. Jan. 11, 2011), at *10 n.16 (quoting *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003)).

Cornell has failed to allege facts or adduce evidence demonstrating that the indictment was procured by "'fraud, perjury, the suppression of evidence,'" or other police misconduct. *Id.* And the fact that the indictment was subsequently dismissed on procedural grounds does not vitiate the presumption of probable cause that arises from the issuance of the indictment. For that reason, the District Court correctly held that the prosecution against Cornell was supported by probable cause, and therefore dismissed Cornell's claim for malicious prosecution.

Upon a review of the record and the arguments of counsel, we reject Cornell's remaining arguments, including his argument in the alternative that Kapral is not entitled to qualified immunity, as lacking in merit. Accordingly, we affirm the judgment below substantially for the reasons stated by the District Court.

## CONCLUSION

We reject all of Cornell's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4