12-2506-cv
Norwood v. Mason

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT:  RALPH K. WINTER,
          GUIDO CALABRESI,
          GERARD E. LYNCH,
                    *Circuit Judges.*
_____

CLYDE J. NORWOOD, JNR,

> *Plaintiff – Counter-Defendant –*
> *Counter-Claimant – Appellant*,

        v.              No. 12-2506-cv

MARK MASON, OFFICER,

> *Defendant – Counter-Claimant –*
> *Counter-Defendant – Appellee*,

TROY POLICE DEPARTMENT, TROY, NEW YORK,
MAYOR, TROY, NEW YORK, COMMON COUNCIL,
TROY, NEW YORK,

> *Defendants – Counter-Defendants –*
> *Appellees*.
_____

FOR APPELLANT:       VINCENT UCHENNA UBA, Law Office of Vincent U. Uba,
                     Albany, N.Y.

FOR APPELLEES:          MICHAEL E. GINSBERG, Pattison Sampson Ginsberg & Griffin PC, Troy, N.Y.

Appeal from the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Clyde J. Norwood, Jr. appeals from the judgment of the district court, entered May 10, 2012, granting defendants-appellees' motion for summary judgment on qualified immunity grounds and dismissing Norwood's claim in its entirety. Norwood sued Mark Mason, a police officer for the City of Troy, and various other defendants for, inter alia, false arrest and malicious prosecution under 42 U.S.C. § 1983, stemming from his 2009 arrest and prosecution for armed robbery. The charges against Norwood were ultimately dismissed. We assume the parties' familiarity with the facts and procedural history of this case, as well as with the issues on appeal.

On the night of January 21, 2008, two men physically assaulted and robbed Aimée and Scott Driscoll in their home. The Driscolls separately described the men to the police the next day as two Hispanic men, one shorter with a slender build and one taller with a heavier build and a thin goatee. They stated that the two men spoke Spanish to each other, but English to the Driscolls. On March 16, 2009, the Driscolls were shown a photo array of six individuals, and each identified Norwood as the taller robber.[1]  Norwood is of African-

---

[1] Nothing in the record explains why Mason called the Driscolls in to look at a photo array that day, or why Norwood's picture was included in the array.

American, non-Hispanic/Latino descent. Mason obtained an arrest warrant for Norwood on the strength of this identification and included in the warrant application the Driscolls' March 2009 depositions describing their identification of Norwood. Mason did not include the Driscolls' January 2008 depositions describing the robbers as Hispanic.

Norwood was arrested on March 31, 2009, and spent two weeks in jail before he was released on bail. On April 3, 2009, Scott Driscoll again identified Norwood as the taller of the two robbers at a preliminary state court hearing. Norwood was indicted by a state grand jury in September 2009, but this indictment was eventually dismissed in February 2010 because of errors in the legal instructions given to the grand jury. While Norwood's motion for dismissal was pending, the Driscolls identified another individual, Johnny Caceres, as the taller robber, from yet another photo array, after a telephone tip to the police suggested that Caceres was involved in the robbery. The investigation into Caceres is still ongoing. Prosecutors have not sought a new indictment of Norwood.

"We review the district court's grant of summary judgment de novo, drawing all reasonable inferences and resolving all ambiguities in favor of the non-movant." Singer v. Ferro, 711 F.3d 334, 339 (2d Cir. 2013) (internal quotation marks omitted). "In analyzing § 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred." Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006) (internal quotation marks omitted). "Under New York law, the existence of probable cause is an absolute defense to a false arrest claim." Id. at 152.

3

"An officer has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Id. (internal quotation marks omitted). "Normally, the issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause, and a plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden." Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991) (citation and internal quotation marks omitted). However, where an officer "materially misled a magistrate on the basis for a finding of probable cause, as where a material omission [was] intended to enhance the contents of the affidavit as support for a conclusion of probable cause, the shield of qualified immunity is lost." Id. at 871 (citations omitted).

In reviewing false arrest claims on qualified immunity motions, "a court should put aside allegedly false material [in the warrant affidavit], supply any omitted information, and then determine whether the contents of the 'corrected affidavit' would have supported a finding" of arguable probable cause. Escalera v. Lunn, 361 F.3d 737, 744 (2d Cir. 2004) (internal quotation marks omitted). Summary judgment based on qualified immunity is appropriate where "the evidence, viewed in the light most favorable to the plaintiff[], discloses no *genuine* dispute that a magistrate would have issued the warrant on the basis of the corrected affidavits." Walczyk v. Rio, 496 F.3d 139, 158 (2d Cir. 2007) (emphasis in original) (internal quotation marks omitted).

4

Norwood argues that a corrected affidavit that included, inter alia, the Driscolls' January 2008 depositions, which stated that the two robbers were Hispanic and spoke Spanish, would not have established probable cause to arrest Norwood. We cannot agree. The Driscolls both identified Norwood as the taller of the two robbers. While a prudent magistrate with access to both sets of depositions could have had doubts about the accuracy of this identification, we cannot say that such doubts would have been sufficient to negate probable cause. New York courts routinely hold that a victim's photo identification of a person provides the police with probable cause to arrest that person, even where the identification may not be 100% reliable. See, e.g., People v. Radcliffe, 808 N.Y.S.2d 22, 23 (1st Dep't 2005) (holding that photo identification established probable cause for defendant's arrest, despite challenge to reliability of identification); cf. People v. Jones, 2 N.Y.3d 235, 238, 239 (2004) (noting that police had probable cause to arrest defendant after photographic identification by two victims).

Norwood has not established that the photo array was so flawed that Mason should have known that the identification was unreliable. Several of the individuals in the array were similar in appearance to Norwood, and nothing about Norwood stood out from the others. Indeed, the uncontradicted evidence in the record indicates that Mason himself did not compile the photo array, and that while he did change the original color photo array to a photocopied black-and-white version, nothing in the record suggests that the use of the black-and-white version of the array was in any way unfair to Norwood.[2] Further, other than

---

[2] Mason testified that he created the photocopy because the colors in the original version were "kind of off," and "one or two [photos] may have stood out more than the other[s]."

his ethnicity, which is obviously an important identifying characteristic, Norwood's appearance approximates the Driscolls' description of the taller robber in every other significant way, including height, age, weight, and facial hair.

Norwood's argument that Mason acted in reckless disregard of the truth while conducting his investigation is similarly unavailing. While Mason did not test Norwood's DNA against the DNA left at the scene before obtaining the arrest warrant, a negative result would not have exonerated Norwood, as Mason knew that only one of the robbers had left DNA at the scene.[3] While Mason also did not establish whether Norwood spoke Spanish,[4] that failure does not negate probable cause in the face of the Driscolls' positive identification of Norwood as one of their assailants.

Summary judgment was also properly granted on Norwood's malicious prosecution claim. As with false arrest, "[t]he existence of probable cause is a complete defense to a

---

[3] The DNA eventually was matched to that of Jose Valle, who met the Driscolls' description of the smaller robber. Valle was charged in the same grand jury indictment as Norwood, which was dismissed as to both men on February 2, 2010. The record does not reveal whether prosecutors have sought a new indictment as to Valle, although he appears to be in prison for a different robbery.

[4] Mason testified that Yaritza Morales, Norwood's then-girlfriend, told him either during a March 25, 2009 interview or during an April 11, 2009 deposition that Norwood spoke "a little" Spanish. This statement does not appear in Mason's notes from the March interview, nor in Morales's April deposition, and in an affidavit provided in connection with the instant lawsuit Morales testified that she "did not inform Detective Mason that Mr. Norwood speaks Spanish at any of the above two meetings," or at any other time. However, Norwood has not introduced any evidence that Mason knew that Norwood did not speak Spanish. Resolving all ambiguities in favor of Norwood, as we must at the summary judgment stage, we assume that Norwood does not speak Spanish, and that Mason had no evidence that he spoke Spanish when he sought the warrant.

6

claim of malicious prosecution in New York, and indictment by a grand jury creates a presumption of probable cause." Manganiello v. City of New York, 612 F.3d 149, 161-62 (2d Cir. 2010) (citation and internal quotation marks omitted). That presumption "may *only* be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003) (emphasis in original), quoting Colon v. City of New York, 60 N.Y.2d 78, 83 (1983). Norwood has not offered any such evidence.

While Norwood undoubtedly has suffered substantially as a result of an apparently erroneous arrest and prosecution, he has not made out a constitutional claim under § 1983. We have considered his remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court