Andrew SMALLS, Plaintiff,

v.

The CITY OF NEW YORK, Police Officer Richard Collins, Police Officer David Teta, Police Officer Eric Cabera, Police Officer Alvarez, Police Officer Jessica Alvarado, and Sergeant Brian Stamm, Defendants.

14-CV-2326 (ENV) (RML)

United States District Court, E.D. New York.

Signed February 22, 2016

Filed March 2, 2016

James C. Neville, Lumer & Neville, New York, NY, for Plaintiff.

Ben Kuruvilla, New York City Law Department, New York, NY, for Defendants.

## MEMORANDUM & ORDER

VITALIANO, DISTRICT JUDGE.

Plaintiff Andrew Smalls brings this action against the City of New York, Police Officer Richard Collins, Police Officer David Teta, Police Officer Eric Cabera, Police Officer Alvarez, Police Officer Jessica Alvarado, and Sergeant Brian Stamm, pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights resulting from the fabrication of evidence and malicious prosecution.[1] Defendants move to dismiss the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, de-

---

1. Plaintiff originally asserted, but later withdrew, claims of false arrest and excessive force, acknowledging that they were time-barred. A claim for unlawful search and sei- zure appears to have been abandoned as it was never briefed, but in any case, would also be time-barred. It too is dismissed.

fendants' motion is granted in part and denied in part.

### Background

Plaintiff's allegations in his April 10, 2014 complaint stem from the events surrounding his arrest on May 20, 2006. The facts surrounding this arrest are sharply disputed. Plaintiff submits that during the early morning of May 20, 2006, he was lawfully present outside of 80-105 Rockaway Beach Boulevard in Queens. Compl. at ¶ 6. Defendant Officers Teta, Collins, and Cabrera encountered and confronted Smalls, ultimately arresting him, without any reasonable suspicion for the stop or any probable cause for the arrest. Id. at ¶¶ 9-10. Plaintiff alleges that the officers, in the course of the arrest, violently grabbed him, and struck his head against a wall. Id. at ¶ 11. Though plaintiff was searched at the time of his arrest, no contraband was recovered. Id. at ¶ 12.

Plaintiff was nevertheless transported in handcuffs to a New York Police Department ("NYPD") station house, where he was detained and processed. Id. at ¶ 13. Defendants completed arrest paperwork which, Smalls claims, falsely asserted that Officer Collins had seen Smalls in possession of an illegal .38 caliber pistol on the roof of 81-05 Rockaway Beach Boulevard, and that the pistol had been recovered in the area. Id. at ¶ 14. The defendants forwarded these allegations knowing them, Smalls says, to be false, to either the Queens County District Attorney's Office or New York City Criminal Court, after which plaintiff was arraigned, charged, and ultimately indicted on charges of Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, and Criminal Trespass in the First Degree. Id. At ¶¶ 16-21.

Plaintiff claims further that defendants continued giving false testimony and fabricated inculpatory evidence used at a pretrial suppression hearing, held on February 20, 2008, where the gun and related testimony were deemed admissible. Id. at ¶¶ 22-23. Officers Collins and Teta then testified for the prosecution at trial, relaying the same knowingly fabricated set of facts to the jury. Id. at ¶ 25. On June 4, 2008, Smalls was convicted on all counts, and sentenced to 12 years' imprisonment with 5 years' post-release supervision. Id. at ¶¶ 26-27.

Following his conviction, Smalls appealed to the Appellate Division, Second Department. Id. at ¶ 28. This time, on April 26, 2011, there was success—his conviction was reversed and the weapons charges were dismissed. People v. Smalls, 83 A.D.3d 1103, 922 N.Y.S.2d 461 (2d Dep't 2011).[2] The Appellate Division found that the lower court improperly denied suppression of the gun, as there was no suspicious behavior warranting reasonable suspicion for a stop or probable cause for an arrest at the outset of the encounter. Id. at 1104, 922 N.Y.S.2d 461. Plaintiff has never admitted any wrongdoing and maintains his innocence of all charges. Compl. at ¶¶ 8, 12. He served four years before his release. Order of J. Modica, dated October 5, 2012, attached as Exhibit D to the Decl. of Asst. Corp. Counsel Patrick Beathe. Smalls commenced the present action on April 10, 2014.

Smalls submits that the defendant officers' accusatory instrument charging illegal possession of the handgun, as well as their grand jury testimony that he had given an inculpatory statement, were fabrications meant to generate "activity" for

---

2. The Second Department also remanded on the trespassing count, which was ultimately dismissed in 2012. Compl. at ¶ 30.

the arresting officer. *Id.* at ¶¶ 38-39. The need to generate "activity" and notch arrests through widespread falsification by arresting officers, are, plaintiff alleges, part of a custom or policy that tolerated and fostered a lawless atmosphere. *Id.* at ¶¶ 38-41. It is upon this "atmosphere" that liability for the City of New York is based. *Id.* at ¶¶ 47-56.

Defendants tell a different story. They allege that on the night in question, they heard gunshots fired near 84-10 Rockaway Beach Boulevard in Queens. *See* Def. Br. at 1. Nearby at the time, the officers saw plaintiff, plaintiff's brother, and three others. They followed the group for three blocks to a housing project, at which point the officers approached the youthful group, who then ran. *Id.* at 2. The officers pursued, and claim that they witnessed the plaintiff handing a gun to his brother, Ronnie Smalls, and observed an ammunition magazine fall from the gun. *Id.* The officers retrieved the magazine and then followed the Smalls brothers to a rooftop where the gun was recovered a few feet from the plaintiff's brother. *Id.* at 2.

Defendants have moved to dismiss on the grounds that the fabrication of evidence claim is time-barred, and that the malicious prosecution claim fails (1) against Officers Teta, Cabrera, Alvarez, Alvarado, and Stamm because they were not involved in the initiation of the prosecution; (2) because the proceeding did not terminate in Plaintiff's favor; and (3) because plaintiff fails to rebut the presumption of probable cause. In addition, defendants argue that Officer Collins is entitled to qualified immunity. The claim for municipal liability fails, the City argues, as a matter of law.

## Standard of Review

■ Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader

is entitled to relief." A litigant need not supply "detailed factual allegations" in support of his claims, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), but he must provide more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A pleading that offers 'labels and conclusions'... will not do." *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked Assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

■ To survive a Rule 12(b) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotations omitted). On a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,* 517 F.3d 104, 115 (2d Cir.2008) (quotation omitted). In addition, the district court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference ... and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd,* 493 F.3d 87, 98 (2d Cir.2007) (citation omitted).

## Discussion

As a doorstep matter, the overarching attack advanced by defendants that

Smalls's allegations are conclusory or without factual support is meritless. There is no dispute that Smalls was walking along the street when he spotted police, or that he ran away from the officers, and was pursued through a building, up a staircase, and onto a roof and was thereafter seized and arrested. All of this occurred, plaintiff contends, despite his not engaging in any illegal activity or possessing any weapons. In the face of his protestations of innocence, Officer Collins, Smalls claims, filed an accusatory instrument falsely asserting he had seen Smalls possess a handgun, drop an ammunition clip, and that Smalls then made an inculpatory statement. Officer Collins repeated these accusations to the grand jury, at a *Mapp/Dunaway* suppression hearing, and at trial (along with Officer Teta, who also testified at trial).

Without regard to whether the state court determination of related matters is correct, the allegations Smalls makes to support his claims are specific and plausible enough to survive a motion to dismiss if plausibility is the lone challenge. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir.1997) (reversing summary judgment for defendants where a defendant allegedly prepared a false confession and forwarded it to prosecutors); *Watson v. Grady*, No. 09–CV–3055, 2010 WL 3835047, at *6 (S.D.N.Y. Sept. 30, 2010) (denying motion to dismiss malicious prosecution claims where individuals presented allegedly false testimony to a grand jury); *Rivers v. Towers, Perrin, Forster & Crosby Inc.*, No. CV–07–5441 (DGT) (RML), 2009 WL 817852, at *3 (E.D.N.Y. Mar. 27, 2009) (denying motion to dismiss malicious prosecution claim where plaintiff argued that defendant falsely alleged that he had stolen computers); *Jovanovic v. City of New York*, No. 04–CV–8437, 2006 WL 2411541, at *9 (S.D.N.Y. Aug. 17, 2006) (denying judgment on the pleadings where plaintiff argued that defendant created and

forwarded false information to the prosecutors and supplied false testimony to the grand jury), *reconsidered on other grounds*, 2008 WL 355515 (S.D.N.Y. Feb. 7, 2008).

### I. Fabrication of Evidence and Fair Trial

■ The statute of limitations period for a § 1983 claim is the same as for a personal injury action, which, pursuant to New York C.P.L.R. § 214, is three years. *See Owens v. Okure*, 488 U.S. 235, 250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (applying New York's three-year statute of limitations to § 1983 claim). However, though New York law controls the length of the limitations period, federal law governs when the limitations period begins to run. *McCray v. City of New York*, No. 03–CV–10080, 2007 WL 4352748, at *13 (S.D.N.Y. Dec. 11, 2007). *See Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007). Ordinarily, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980) (quotations and citations omitted).

■ Defendants argue that because Smalls knew of the wrongful conduct and injury at the time of his arraignment, the clock began to run then. Def. Br. at 6. This sort of time clock is certainly appropriate for certain § 1983 claims arising out of excessive force, false arrest, and unlawful search and seizure. *See Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir.2014). However, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Covington v. City of New*

York, 171 F.3d 117, 122 (2d Cir.1999) (quoting *Heck v. Humphrey*, 512 U.S. 477, 489–90, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). *See also Bailey v. City of New York*, 79 F.Supp.3d at 424, 455 (E.D.N.Y. 2015) (holding that where the claim undermines the validity of the conviction itself, the statute of limitations has not yet begun to run). In fact, plaintiff could not have brought his claims during the pendency of state court review, as *Heck* would have barred them. *See Poventud v. City of New York*, 750 F.3d 121, 125 (2d Cir.2014) (allowing *Brady*-based § 1983 claims to move forward after the sentence was vacated, seven years after trial); *Bailey*, 79 F.Supp.3d at 455 (E.D.N.Y.2015) ("Had [plaintiff] raised his fair trial claim—premised on the fabrication of evidence, which resulted in his arrest and subsequent conviction—prior to the date his conviction was invalidated, his complaint would have been dismissed because it would have necessarily implied the unlawfulness of his conviction.").

▮ Defendants' reliance on *Wallace v. Kato*, 549 U.S. 384, 397, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) is misplaced. *Wallace* applied only to false arrest claims; it did not disturb the general rule of *Heck*. *See Jovanovic*, 2008 WL 355515 at *2–3 (holding that a fabrication of evidence claim did not begin to accrue until the charges were dismissed).[3] A fabrication of evidence

claim, like a malicious prosecution claim, seeks to "impugn the validity of [the] extant conviction." *Roberites v. Huff*, No. 11–CV–52ISC, 2012 WL 1113479, at *3–4 (W.D.N.Y. Mar. 28, 2012) (dismissing fabrication of evidence claim as premature where direct appeal was still pending). To hear the case during the pendency of appeal risks inconsistent results with the criminal proceeding—a harm easily avoided by tolling the commencement of the limitations period.

▮ Here, Plaintiff's sentence was reversed on April 26, 2011 by the Appellate Division. *Smalls*, 83 A.D. at 1103, 922 N.Y.S.2d 461. Plaintiff could not have alleged his denial of a fair trial claim until that appeal was resolved, meaning the statute of limitations did not begin to run until April 26, 2011. The instant complaint was filed on April 10, 2014, beating the clock by at least 16 days.

▮ The overall inquiry, to be sure, does not end there. While Smalls has charged unlawful conduct on the part of Officers Collins and Teta,[4] he fails to identify what, if any, fabricated evidence was offered by Officers Cabrera, Alvarez, Alvarado, and Stamm. More importantly, given what he has alleged, it is obvious that he did not because he cannot. As a result, the motion to dismiss the fabrication of evidence charge against those officers is

---

**3.** To the extent that defendants rely on *Mitchell v. Victoria Home*, 377 F.Supp.2d 361, 373–74 (S.D.N.Y.2005) and *Carr v. City of New York*, 11–CV–6982 (SAS), 2013 WL 1732343, at *6 (S.D.N.Y. Apr. 19, 2013), it must be acknowledged that the precise question of whether a right to a fair trial claim is subject to the *Heck* delayed accrual rule is not fully settled in this circuit. At the same time, it must also be acknowledged that the majority of district courts interpret such a claim as challenging the validity of the underlying conviction, implicating *Heck* and its delayed accrual rule. *Mitchell* and *Carr* are, simply, out-

liers. *See, e.g., Jovanovic*, 2008 WL 355515 at *2–3 (dismissing fabrication of evidence charge while conviction remained valid); *Perez v. Cuomo*, 09–CV–1109, 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 20, 2009) (same); *Jasper v. Fourth Court of Appeals*, No. 08–CV–7472, 2009 WL 1383529, at *1 (S.D.N.Y. May 18, 2009) (same).

**4.** Officer Teta was not involved in the grand jury proceedings or *Mapp/Dunaway* suppression hearing. He did testify at trial. Compl. at ¶ 25.

granted. As to Collins and Teta, however, the motion is denied.

## II. Malicious Prosecution

 To maintain a malicious prosecution claim in New York, the claimant must show: "(1) that the defendant initiated a prosecution against [him], (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the [claimant's] favor." *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 417 (2d Cir.1999). For a § 1983 claim, a plaintiff must additionally submit evidence that there was a sufficient post-arraignment deprivation of liberty. *Roherman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000).

In their motion to dismiss, defendants contend that three of the five requisite elements are not satisfied. They do not question malice or post-arraignment deprivation of liberty.[5] They challenge to the balance of the required elements' facts. Def. Br. at 6-7.

### A. Initiating Prosecution

 Police officers can initiate prosecutorial proceedings by, for example, filing charges that cause arraignment, completing affidavits, and signing felony complaints. *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir.2010); *Cooper v. City of New York*, No. 12–CV–8008, 2013 WL 5493011, at *4 (S.D.N.Y. Oct. 2, 2013); *Mitchell v. Victoria Home*, 434 F.Supp.2d 219, 227 (S.D.N.Y.2006). Defendants argue that Smalls identifies only Officer Collins as having submitted fabricated evidence to the prosecutor, Compl. at ¶¶ 14-16, and urges that claims against all the other police officers named as defendants should be dismissed. Insofar as the complaint does fail to advance any specific actions on the part of those officers with respect to initiating prosecution, and makes only conclusory allegations that "defendants" engaged in such acts, the motion to dismiss the malicious prosecution claim against them is granted.

### B. Lacking Probable Cause

 Where a plaintiff is one who was indicted by a grand jury, probable cause for a prosecution is presumed unless that plaintiff can show that the indictment "was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir.2003) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83, 468 N.Y.S.2d 453, 456, 455 N.E.2d 1248 (1983)). Such fraud

---

**5.** Defendants also assert that, if a malicious prosecution claim is made out, Officer Collins could not be liable for any loss-of-liberty damages post-dating the trial court's failure to suppress the handgun because the trial court's action was a superceding, independent cause of the plaintiff's conviction and imprisonment. Def. Br. at 13 (citing and relying exclusively on *Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir.1999)). *Townes*, however, explicitly noted that its complaint did not "plead conduct tantamount to malicious prosecution or false imprisonment," but only alleged a violation of his Fourth Amendment right to be free from unreasonable search and seizure. *Id.* at 147. Not only does *Townes* not prevent a malicious prosecution plaintiff from recovering damages for his unjust confinement, but such a claim is in fact "the only avenue [ ] to recover 'damages for confinement imposed pursuant to legal process[.]' " *Perez v. City of New York*, No. 01–CV–5384 (SLT) (M DG), 2007 WL 14486, at *14 (E.D.N.Y. Jan. 3, 2007) (quoting *Townes*, 176 F.3d at 147). Furthermore, *Townes* did not involve allegations that the officers had lied or fabricated evidence, and that plaintiff admitted to committing the crimes at issue in his own complaint. *Id.* at 147, n. 4. This defense appears wholly inapplicable to the facts here, and the motion in that respect is denied.

or perjury may be "evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith." *Rothstein v. Carriere*, 373 F.3d 275, 283 (2d Cir.2004) (quoting *Colon*, 60 N.Y.2d at 82–83, 468 N.Y.S.2d 453, 455 N.E.2d 1248). *See also Manganiello v. City of New York*, 612 F.3d 149, 162 (2d Cir.2010) (holding that the presumption of probable cause is overcome where "arresting officers may have lied in order to secure an indictment") (citation and quotation omitted).

▆▆▆ Smalls argues that he has overcome that presumption, maintaining that he had no weapons and was engaged in no illegal behavior. Notwithstanding, he says, Officer Collins filed an accusatory instrument against him and fabricated grand jury testimony that he had seen Smalls hand a gun to his brother and that Smalls had made an inculpatory statement. Smalls hits the mark here. These allegations are sufficiently pleaded to overcome the presumption of probable cause at this stage, if true, for he plainly alleges that the indictment by the grand jury was grounded in the evidence fabricated by Officer Collins, and no probable cause presumption attaches to it. Smalls, however, will likely need to present more than bald assertions of perjury and fraud to survive summary judgment.

Defendants parry with a list of cases they claim are similar and in which § 1983 Plaintiff's have failed to overcome the presumption. *See Cornell v. Kapral*, 483 Fed. Appx. 590, 592 (2d Cir.2012) (dismissing malicious prosecution claim where the lower court failed to afford the defendant an opportunity to speak before the grand jury); *Norwood v. Mason*, 524 Fed.Appx. 762, 764 (2d Cir.2013) (dismissing mali-

cious prosecution claim where the indictment was dismissed because of erroneous grand jury instructions); *Perez v. City of New York*, 01–CV–5384 (SLT)(MDG), 2007 WL 14486, at *11 (E.D.N.Y. Dec. 29, 2006) (dismissing malicious prosecution claim where a police officer allegedly lied to the grand jury about plaintiff having a gun); *Lewis v. City of New York*, 12–CV–2836 (RRM)(RML), 2013 WL 6816615, at *9 (E.D.N.Y. Dec. 24, 2013) *aff'd*, 591 Fed. Appx. 21 (2d Cir.2015) (dismissing malicious prosecution claim where a police officer allegedly fabricated evidence that plaintiff possessed a knife).

Upon closer scrutiny, it seems defendants overestimate the relevance of each of these cases. *Cornell* and *Norwood* do not deal with falsified testimony, but, rather, procedural errors that, even if avoided, failed to challenge the defendant's guilt, which was corroborated by other evidence. *Lewis*, on the other hand, was a dismissal where plaintiff never identified the form of the evidence claimed to be fabricated, such as an eyewitness account or self-incriminating statement—both of which are specifically alleged here. That leaves *Perez*, which may seem the most analogous, but *Perez* was dismissed at the summary judgment stage, after the plaintiff failed to produce grand jury transcripts or any other actual testimony or evidence used against him. If anything, it demonstrates that such a claim can indeed survive a motion to dismiss.

Plaintiff, therefore, has sufficiently pleaded that Officer Collins' alleged perjury before the grand jury would overcome the presumption of probable cause.

C. Terminating in Plaintiff's Favor

▆▆▆ A § 1983 plaintiff claiming malicious prosecution must also establish that the prosecution was terminated in his favor as determined by state law. *Hygh v.*

*Jacobs*, 961 F.2d 359, 367 (2d Cir.1992). New York law broadly considers any termination of a criminal proceeding to have been terminated favorably when "there can be no further proceeding upon the complaint or indictment, and no further prosecution of the alleged offense." *Smith–Hunter v. Harvey*, 95 N.Y.2d 191, 195–96, 712 N.Y.S.2d 438, 734 N.E.2d 750 (2000) (quoting *Robbins v. Robbins*, 133 N.Y. 597, 599–600, 30 N.E. 977 (1892)). The method of termination is irrelevant, "provided it is terminated, and at an end." *Id.* (quotation omitted). Smalls argues that the Appellate Division's reversal of his weapon possession conviction is indicative of a favorable termination. Pl. Opp. at 11.

■ New York recognizes an exception to its general rule, however, requiring that the conviction's undoing "is not inconsistent with innocence." *Rothstein*, 373 F.3d at 286 (citation omitted). Defendants respond that where the conviction is vacated on procedural grounds, and does not rebut the determination of guilt, termination is not "favorable." *See Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir.2002) ("Where a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accuseds innocence."). Critically, though, the threshold is not so high, and the reversal need not affirmatively demonstrate the accused's innocence, as the law "should not require one who is falsely and maliciously accused to proceed to trial—incurring additional financial and emotional costs—as a prerequisite to recovery for malicious prosecution." *Cantalino v. Danner*, 96 N.Y.2d 391, 395, 729 N.Y.S.2d 405, 754

N.E.2d 164, 167 (2001) (quoting *Smith–Hunter*, 95 N.Y.2d at 199, 712 N.Y.S.2d 438, 734 N.E.2d 750). New York's highest court expressly rejected such a demanding standard and found the presumption could be overcome short of proving the conviction's reversal was *indicative* of innocence, and, instead, requiring that it be *"not inconsistent* with innocence." *Smith–Hunter*, 95 N.Y.2d at 198–99, 712 N.Y.S.2d 438, 734 N.E.2d 750 (emphasis added).

■ The Appellate Division here found that the plaintiff was not behaving suspiciously and, therefore, the initial pursuit was unlawful. *People v. Smalls*, 83 A.D.3d 1103, 1104, 922 N.Y.S.2d 461 (2011). That the officers lacked reasonable suspicion for the stop in no way affirms that plaintiff was guilty of the underlying crimes, and it would be entirely consistent for the plaintiff to have also been innocent.[6] If what plaintiff avers is true—that he had no weapon, that he gave no one a weapon, that he made no inculpatory statements, and that he dropped no ammunition—then the officer's testimony to the contrary cannot be used to stamp out the claim before it can take root. A contrary rule would permit a reversed conviction that was based on false testimony to categorically prevent a malicious prosecution inquiry, which is surely not the law's intent in recognizing malicious prosecution as a tort. In this light, the malicious prosecution claim against Officer Collins survives.

### III. Defendant Collins and Qualified Immunity

■ The doctrine of qualified immunity shields police officers "from personal liability for damages 'insofar as their conduct does not violate clearly estab-

---

6. The Court is not unmindful that the Appellate Division appears to have credited the officer's testimony that Smalls possessed a gun, but such credit in the background sum-

mary was immaterial to the reversal, which was founded on events that preceded the alleged gun encounter. It in itself, in short, is not a finding that Smalls possessed a gun.

lished statutory or constitutional rights of which a reasonable person would have known.'" *Golino v. New Haven*, 950 F.2d 864, 870 (2d Cir.1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Defendants argue that the grand jury indictment and subsequent jury verdict demonstrate that arguable probable cause to arrest existed, and, thus, that Collins is entitled to qualified immunity. However, taking Plaintiff's complaint as true, both of those were procured by fraud. Officers who knowingly lie are not protected by qualified immunity. *See Ricciuti*, 124 F.3d at 130 ("No arrest, no matter how lawful or objectively reasonable, gives an arresting officer or his fellow officers license to deliberately manufacture false evidence against an arrestee."); *Babi–Ali v. City of New York*, 979 F.Supp. 268, 275 (S.D.N.Y.1997) ("[T]he right of qualified immunity does not protect those who knowingly violate the law. Plaintiff has alleged knowing falsification and perjury. Accepting such allegations as true requires this Court to find that the defense of qualified immunity will not protect [defendant] from liability."). In any case, the finding of probable cause that would invoke qualified immunity is a determination of reasonableness, and one that need not, and here cannot, be resolved at this stage of the proceedings. *See Posr*, 180 F.3d at 416 (holding that it was "improper for the district court to conclude, *at this stage of the litigation*, that it was reasonable for the officers to believe that probable cause existed" for a false arrest claim and dismiss the complaint on qualified immunity grounds) (emphasis original).

Given these circumstances, plaintiff has sufficiently pled that Officer Collins's false allegations and court testimony may have been outside the bounds of established law, and, as a consequence, Smalls is entitled to proffer evidence that Officer Collins should

not benefit from qualified immunity. Whether on the totality of the proffered evidence, Plaintiff's claim will survive, or even that the issue of qualified immunity need be reached, must await, at least, the crossroads of summary judgment.

IV. Municipal Liability

 There is no classic *respondeat superior* liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, for municipal employer to be liable, there must be allegations and proof of "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). A plaintiff, therefore, must plausibly allege that he has suffered both a constitutional violation and that the violation was caused by a custom or policy of the City. *Monell*, 436 U.S. at 690, 98 S.Ct. 2018. A complaint's "mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at leas t circumstantially, such an inference." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir.1993), *overruled on other grounds*, *Leatherman v. Tarrant Cty. Narcotics & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Furthermore, "a single incident alleged in the complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991).

 Here, Smalls asserts only conclusory allegations that the New York City Police Department has a widespread, undefined custom of trumping up charges and making unlawful arrests to generate "activity" for officers. He sets forth no other examples of this practice, and offers

no factual support beyond his own arrest. Any indication that policy-making actors are pursuing an unlawful practice or custom conferring liability is, simply, insufficiently pled. The claim of *Monell* liability against the City is dismissed.

### Conclusion

For the forgoing reasons, defendants' motion to dismiss Plaintiff's fabrication of evidence claim is denied against Officers Collins and Teta, but granted against Officers Cabrera, Alvarez, Alvarado, and Stamm. The motion to dismiss the malicious prosecution charge against Officer Collins is also denied. The balance of the motion to dismiss, that is, the malicious prosecution charge against Officers Teta, Cabrera, Alvarez, Alvarado, and Stamm as well as all claims against City of New York, is granted.

The parties are referred to Magistrate Judge Robert M. Levy for his continued pretrial management of the proceedings as to the remaining defendants.