People v Adams (2022 NY Slip Op 00311)





People v Adams


2022 NY Slip Op 00311


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-05182
 (Ind. No. 7074/16)

[*1]The People of the State of New York, respondent,
v
Devon Adams, appellant.


Patricia Pazner, New York, NY (Denise A. Corsi of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Kamephis Perez of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered February 23, 2018, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The Supreme Court did not err in denying that branch of the defendant's omnibus motion which was to suppress physical evidence. While the People conceded at the suppression hearing that the initial stop was not justified, the defendant's free and independent action in pointing a gun at a plainclothes police officer, after that officer's identification of himself as a police officer, serves to render any connection between the lawless conduct of the police and the discovery of the challenged evidence so attenuated as to dissipate the taint (see People v Townes, 41 NY2d 97, 102). The defendant's act in pointing the firearm at the officer was an independent act involving a calculated risk, rather than a spontaneous reaction to a sudden and unexpected confrontation with the police (see People v Boodle, 47 NY2d 398, 404; cf. People v Smalls, 83 AD3d 1103).
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court