■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYATT D. FERRY, Appellant.—Judgment unanimously reversed on the law, defendant's motion granted and matter remitted to Chautauqua County Court for further proceedings on the indictment. Memorandum: The court erred in denying defendant's challenge to the legality of the initial stop and detention of him and his codefendant for questioning. The testimony of the arresting officer established that the suspects' path was blocked by patrol cars and that the encounter thus was a forcible detention from the outset *(People v Jennings,* 45 NY2d 998, 999; *People v Cantor,* 36 NY2d 106, 111). " 'Whenever an individual is physically or constructively detained by virtue of a significant interruption of his liberty of movement as a result of police action, that individual has been seized within the meaning of the Fourth Amendment' " *(People v Boodle,* 47 NY2d 398, 401, *cert denied* 444 US 969, quoting *People v Cantor, supra,* at 111). In order to be justified in its inception and scope, a forcible stop and detention must be founded upon reasonable suspicion that the particular person has committed, is committing, or is about to commit a crime *(People v Cantor, supra,* at 112-113).

We conclude that police did not have reasonable suspicion justifying the stop and detention. At the time the suspects were detained, the arresting officer had heard a radio report of unknown reliability that two burglaries had occurred at about 4:30 A.M. and that an attempted car theft had occurred at 5:50 A.M., about an hour earlier and approximately one mile away. Thereafter, the officer merely observed the two

men walking on a deserted stretch of road and noted that their pants were wet from the knees down. Given the time, 6:45 A.M. on a summer morning, we do not conclude that the men's presence on the road, pants wet or not, was indicative of criminal activity *(People v Cantor, supra,* at 113). "[I]nnocuous behavior alone will not generate a founded or reasonable suspicion that a crime is at hand" *(People v De Bour,* 40 NY2d 210, 216). The officer had no information tending to connect the men with the reported crimes *(cf., People v Cantor, supra).* Since the stop and detention was unlawful at its inception, the fruits of such detention, including the suspects' responses to questioning at the scene and tangible evidence seized from them following their arrest, must be suppressed. (Appeal from judgment of Chautauqua County Court, Adams, J.—burglary, second degree.) Present—Doerr, J. P., Denman, Boomer, Balio and Lawton, JJ.