■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SERRANO, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered December 1, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree and sentencing him, as a second felony offender, to concurrent terms of incarceration of 7 to 14 years and six months, respectively, unanimously affirmed.

During a "buy-and-bust" operation, defendant allegedly directed an undercover officer to the codefendant, who sold the vial of crack and accepted the prerecorded buy money. Both men were immediately arrested by a backup unit, and identified by the undercover officer, although the buy money was not recovered.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), defendant's guilt was proved beyond a reasonable doubt. *(See, People v Armstrong,* 144 AD2d 369.) Defendant's challenge to admission of the vial of crack into evidence is meritless. The testimony offered by the arresting officer and the stipulated agreement as to the testimony of the police chemist established that the crack vial, which was kept in a sealed container, was identical to that involved in the crime and had not been tampered with *(see, People v Julian,* 41 NY2d 340; *People v Connelly,* 35 NY2d

171; *People v Newman,* 129 AD2d 742, *lv denied* 70 NY2d 652). Defendant has failed to preserve any challenge to the court's *Sandoval* ruling or to the court's instructions as a matter of law, and we accordingly decline to review these contentions. If we were to review, we would find no infirmity. Finally, the sentencing court did not abuse its discretion in imposing sentence. Concur—Milonas, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.