■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WARD, Appellant. [607 NYS2d 274] —Judgment, Supreme Court, Bronx County (Harold Silverman, J., on motion; Antonio I. Brandveen, J., at hearing and trial), rendered June 19, 1989, convicting defendant, after a jury trial, of two counts of robbery in the first degree, one count of grand larceny in the fourth degree, and one count of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years, 12½ to 25 years, 2 to 4 years, and 3½ to 7 years, respectively, unanimously affirmed.

Defendant's contention that his motion to suppress physical evidence and identification testimony, as fruits of an unlawful detention, was summarily denied, is rendered academic by the full pretrial hearing on that issue which ultimately took place. The confusion over the nomenclature of this hearing caused no discernible prejudice to defendant.

The motion to suppress was properly denied. At the hearing, it was established that defendant was the only person in a deserted park at 3:40 A.M., and was coming from a location where the perpetrator of a robbery had just been pursued and near where the stolen automobile had been abandoned. There was also evidence that defendant's clothing matched the radioed description of the robber, to some degree. This gave the police, at the very least, a founded suspicion that criminal activity was afoot, and supported the common-law right of

inquiry *(see, People v Hollman,* 79 NY2d 181, 191). As the police approached, defendant uttered an obscenity and fled. Although the police were in civilian clothes in an unmarked car, they could have reasonably concluded that defendant had recognized them, especially when he continued to flee after the police put on their siren. Defendant's flight, added to the preceding circumstances, created, at the very least, "reasonable suspicion", justifying a brief detention for the purpose of identification *(People v Martinez,* 80 NY2d 444, 447; *People v Allen,* 73 NY2d 378, 379-380), as the hearing court properly found.

Finally, we perceive no abuse of sentencing discretion. Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.