(November 17, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OSBALDO LOCANO, Respondent. [618 NYS2d 716] —Order of the Supreme Court, New York County (Marcy L. Kahn, J.), entered June 25, 1993, which granted defendant's motion to suppress property and statements, and order of the same court and Justice, entered January 21, 1994, which dismissed the indictment against defendant, are unanimously reversed, on the law and facts, the indictment reinstated and the matter remanded for further proceedings.

Police Officers Drum and O'Brien noticed a red Nissan with Vermont license plates parked on 108th Street in a "drug location". Officer Drum, a member of the Community Policing Unit, testified it "looked a little suspicious", since in four months of patrolling the area, he had never seen that car or any other with Vermont license plates. After checking the license plates and finding no record of the plates being stolen, the officers left their patrol car behind the Nissan and approached it on both sides with their weapons holstered. As Officer Drum walked to the driver's side where defendant was seated, he looked inside the window and observed that there was no key in the ignition; that the ignition had been "popped" and that there was exposed wiring under the dashboard. He also saw a screwdriver lying between the two front seats.

After making these observations, the officer asked the defendant if he had a driver's license, registration and insurance card for the vehicle. The defendant said no and told the officer he had "borrowed" the car from a "white boy in Long Island". The officer called in the identification number of the vehicle and learned the Nissan had been stolen. Defendant was arrested upon receipt of this information.

Criminal Term, although crediting the police testimony, granted defendant's motion to suppress the stolen automobile, the screwdriver and defendant's statements, finding that the officers' approach had constituted a level two common-law inquiry pursuant to *People v De Bour* (40 NY2d 210, 223), and that the officers had lacked a "founded suspicion that criminal activity [was] afoot" *(supra,* at 223). Thereafter, the court

dismissed the indictment. The analysis by the nisi prius court was in error and we, therefore, reverse, and reinstate the indictment, remanding for further proceedings.

When the police exited their vehicle and approached the Nissan, with no weapons displayed, they were engaged in the "minimal intrusion of approaching to request information" *(People v De Bour, supra,* at 223) which is permissible "when there is some objective credible reason for that interference not necessarily indicative of criminality" *(supra,* at 223). The approach by the officers in a "general, nonthreatening encounter * * * for an articulable reason" was permissible as an attempt to request information *(People v Hollman,* 79 NY2d 181, 191; *see also, People v De Bour, supra,* at 223).

Before the officers had an opportunity to ask the defendant any questions, Officer Drum saw, in plain view, the "popped" ignition without a key, the wires dangling from the dashboard as well as the screwdriver between the front seats. Initially, defendant's reasonable expectation of privacy was not violated since the observation of these elements in plain view did not constitute a search *(see, People v Manganaro,* 176 AD2d 354, 355, *lv denied* 79 NY2d 860). Further, once the observations were made, the situation had escalated into the level two common-law inquiry stage. The officers, at that time, had "a founded suspicion that criminal activity [was] afoot" and thus, were entitled to "interfere" with defendant in a "somewhat greater intrusion * * * to the extent necessary to gain explanatory information" *(People v De Bour, supra,* at 223). When in response to the minimal police questioning, defendant could not produce a driver's license or the vehicle registration, and a check of the vehicle identification number revealed that the Nissan automobile had been stolen, the police had CPL 140.10 "reasonable cause to believe" that defendant had committed a crime and were entitled to arrest and take him into custody *(People v De Bour, supra,* at 223). Concur—Murphy, P. J., Ellerin, Ross, Nardelli and Williams, JJ.