■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICKY K. WOODS, Appellant. [759 NYS2d 824] —Appeal from a judgment of Oneida County Court (Dwyer, J.), entered August 19, 1999, convicting defendant after a jury trial of, inter alia, criminal possession of a weapon in the third degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied defendant's suppression motion. The police, who were assisting parole officers executing a warrant for the arrest of a codefendant, approached defendant in a motor vehicle parked outside the residence where the warrant was being executed and asked defendant his name. Upon shining a flashlight at defendant,

the police observed a handgun in plain view on the seat between his legs. The police drew their weapons, opened the vehicle door and took defendant into custody. Contrary to the contention of defendant, the police had an "objective, articulable reason" for approaching him to ascertain his identity, inasmuch as he had driven the codefendant to the residence (*People v Hollman*, 79 NY2d 181, 194 [1992]; *see People v Locano*, 209 AD2d 278, 279 [1994]; *People v Evans*, 175 AD2d 456, 457 [1991], *lv denied* 79 NY2d 856 [1992]). Although defendant challenges the use of a flashlight by the police to illuminate the interior of the motor vehicle while they were speaking to him, "the shining of a flashlight into an area of plain view has been determined not to amount to an unreasonable intrusion" (*People v Fells*, 279 AD2d 706, 709-710 [2001], *lv denied* 96 NY2d 758 [2001]; *see People v Wilson*, 284 AD2d 960, 961 [2001], *lv denied* 96 NY2d 689, 943). Contrary to defendant's further contention, the court's determination to credit the testimony of the police officer at the suppression hearing is entitled to great deference, and we perceive no reason to disturb that credibility determination (*see People v Evans*, 298 AD2d 401 [2002], *lv denied* 99 NY2d 558 [2002]). Defendant's contention that the court's *Sandoval* ruling was erroneous is not preserved for our review (*see People v Combo*, 291 AD2d 887 [2002], *lv denied* 98 NY2d 650 [2002]; *People v Serrano*, 166 AD2d 200, 201 [1990], *lv denied* 76 NY2d 990 [1990]) and, in any event, defendant has failed to meet his burden of providing a sufficient factual record to enable us to review that contention (*see Combo*, 291 AD2d 887 [2002]). Defendant also failed to preserve for our review his remaining contention concerning the court's *Sandoval* ruling (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.