Clark, J.
 

 Appeal from an order of the County Court of Broome County (Pelella, J.), entered January 13, 2017, which granted defendant’s motion to suppress evidence.
 

 At roughly 2:40 a.m. on February 26, 2015, Kevin Mauser, a sergeant in the Broome County Sheriffs Office, received a radio dispatch informing him that the victim of an alleged robbery had reportedly found his stolen vehicle. Roughly 15 minutes later, Mauser arrived in the general area in which the vehicle had been reported as found and, before confirming its location, began “looking for anybody” within a one-block radius of the vehicle. As he was driving, Mauser spotted an individual, whom he could not initially identify as a man or woman, “walking pretty fast” and “with a purpose” in the opposite direction of the vehicle. Mauser circled the block and approached the individual—later identified as defendant—from behind in his marked police vehicle, activated the vehicle’s overhead lights, opened his door and directed defendant to stop. According to Mauser, defendant looked over his shoulder and immediately fled. Mauser then pursued defendant in his vehicle and, as defendant was attempting to jump a short fence, exited his vehicle and, with his taser drawn, ordered defendant to stop. Defendant complied, and Mauser grabbed defendant’s arm and pulled him down from the fence. Defendant was subsequently searched, arrested and, following a search of his home pursuant to a search warrant, charged with two counts of robbery in the second degree, unauthorized use of a motor vehicle in the first degree, grand larceny in the third degree and criminal possession of stolen property in the third degree. After a suppression hearing, County Court granted defendant’s motion to suppress the physical evidence found on his person and in his home, as well as any statements he made to the police, prompting this appeal by the People.
 

 In People v De Bour (40 NY2d 210 [1976]), the Court of Appeals “set forth a graduated four-level test for evaluating street encounters initiated by the police: level one permits a police officer to request information from an individual and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality; level two, the common-law right of inquiry, permits a somewhat greater intrusion and requires a founded suspicion that criminal activity is afoot; level three authorizes an officer to forcibly stop and detain an individual, and requires a reasonable suspicion that the particular individual was involved in a felony or misdemeanor; level four, arrest, requires probable cause to believe that the person to be arrested has committed a crime” (People v Moore, 6 NY3d 496, 498-499 [2006]; see People v Hollman, 79 NY2d 181, 184-185 [1992]; People v De Bour, 40 NY2d at 223). Here, as County Court properly held, the information possessed by Mauser at the time that he observed defendant walking justified no more than a level one stop to request information (see People v Holmes, 81 NY2d 1056, 1058 [1993]; People v Burnett, 126 AD3d 1491, 1492 [2015]; People v Savage, 59 AD3d 817, 819 [2009], lv denied 12 NY3d 920 [2009]; People v Locano, 209 AD2d 278, 279 [1994]). However, the manner in which Mauser approached defendant—that is, by activating the overhead lights on his marked police vehicle and directing defendant to stop—elevated the encounter to a level two common-law inquiry (see generally People v Hollman, 79 NY2d at 191-192; People v Faines, 297 AD2d 590, 593 [2002], lv denied 99 NY2d 558 [2002]; compare People v Morris, 105 AD3d 1075, 1077 [2013], lv denied 22 NY3d 1042 [2013]; People v Savage, 59 AD3d at 819; People v Locano, 209 AD2d at 279), requiring a founded suspicion that criminality was afoot (see People v Hollman, 79 NY2d at 185). At the time of Mauser’s initial encounter with defendant, he lacked such a founded suspicion.
 

 In arguing that Mauser had, at least, a founded suspicion of criminality, the People rely heavily on defendant’s geographic proximity to the stolen vehicle. However, time and again, courts have held that geographic location, without more, is insufficient to sustain a suspicion of criminality (see e.g. People v Barksdale, 26 NY3d 139, 144 n 3 [2015]; People v McIntosh, 96 NY2d 521, 526-527 [2001]; People v McCullough, 31 AD3d 812, 813 [2006], lv denied 7 NY3d 850 [2006]; People v Boulware, 130 AD2d 370, 373 [1987], appeal dismissed 70 NY2d 994 [1988]). Although Mauser testified that he arrived in the area 13 to 14 minutes after receiving the dispatch, the record is devoid of any indication that Mauser possessed information— such as the precise time that the vehicle was reported as found or how long it had been there prior to the report—that could lead to the reasonable inference that the person or persons involved in the theft of the vehicle might still be in the area. Nor does the record establish that Mauser was acting on reliable information identifying or describing the person suspected to have stolen the vehicle (compare People v Robinson, 101 AD3d 1245, 1245-1246 [2012], lv denied 20 NY3d 1103 [2013]; People v Hall, 41 AD3d 880, 882 [2007], lv denied 9 NY3d 876 [2007]; People v Ward, 201 AD2d 292, 292-293 [1994], lv denied 84 NY2d 834 [1994]). Rather, Mauser solely relied on defendant’s location in relation to the area in which the vehicle was reportedly found and the fact that he was walking at a brisk pace at 2:53 a.m. on a cold winter day. Together, these facts were insufficient to form a founded suspicion of criminality, so as to justify the common-law right to inquire (see People v McCullough, 31 AD3d at 813; cf. People v Ferry, 152 AD2d 952, 952-953 [1989]).
 

 In any event, even if Mauser’s initial encounter with defendant was considered to be a level one stop or if Mauser were found to have possessed a founded suspicion that criminality was afoot to justify a level two stop, defendant had the constitutional right to be let alone and, by disregarding Mauser’s directive to stop, defendant did not elevate the level of suspicion to a reasonable suspicion that a crime had been, was being or was about to be committed (see People v Moore, 6 NY3d at 500; People v May, 81 NY2d 725, 727-728 [1992]; People v Howard, 50 NY2d 583, 586, 591-592 [1980]). While “[f] light, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, could provide the predicate necessary to justify pursuit” (People v Holmes, 81 NY2d at 1058; see People v Martinez, 80 NY2d 444, 448 [1992]; People v Howard, 50 NY2d at 592), the requisite additional facts supporting criminality were lacking here (see People v Holmes, 81 NY2d at 1058; People v McCullough, 31 AD3d at 813; compare People v Ward, 201 AD2d at 292-293). Accordingly, Mauser’s pursuit and forcible stop and detention of defendant were improper, and County Court properly suppressed the physical evidence found on defendant’s person and in his home, as well as any statements he made to police (see People v Howard, 50 NY2d at 592).
 

 To the extent that we have not addressed any of the People’s arguments, they have been reviewed and found to be without merit.
 

 Peters, P.J., Garry, Devine and Aarons, JJ., concur.
 

 Ordered that the order is affirmed.