People v Bonacci (2020 NY Slip Op 06980)





People v Bonacci


2020 NY Slip Op 06980


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

110558

[*1]The People of the State of New York, Respondent,
v
Gabriel . Bonacci, Appellant.

Calendar Date: October 16, 2020

Before: Lynch, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ. 


Teresa C. Mulliken, Harpersfield, for appellant, and appellant pro se.
John L. Hubbard, District Attorney, Delhi (Shawn J. Smith of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Delaware County (Northrup Jr., J.), rendered April 20, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Defendant was in jail on a parole violation warrant when he asked his wife to retrieve certain items from the marital residence and give them to two acquaintances. The wife, who was herself on probation and worried that complying with defendant's request would put her in legal jeopardy, alerted defendant's parole officer. Following discussions between the parole officer, a sergeant at the Delaware County Sheriff's Department, the wife's probation officer and others, the wife was given permission to enter the residence and advised to call if she found contraband. The wife entered the residence alone, found bags of pills secreted in the items that defendant wanted her to retrieve and alerted the sergeant. A search warrant was then obtained for the residence, and the pills, which proved to be narcotics, were recovered.
Thereafter, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with various offenses related to his alleged possession and sale of a controlled substance. Following an unsuccessful attempt to suppress the drugs upon the ground that the wife had conducted a warrantless search of the residence as an agent of law enforcement, defendant waived his right to appeal from the conviction and sentence and agreed to plead guilty to criminal possession of a controlled substance in the third degree in satisfaction of the superior court information. The parties belatedly realized that defendant was not in physical possession of the drugs during the relevant period because he was incarcerated, after which it was agreed that the plea agreement would be modified and defendant would plead guilty to a reduced charge of attempted criminal possession of a controlled substance in the third degree. He did so. County Court then sentenced defendant, a second felony offender, to the agreed-upon term of 5½ years in prison to be followed by postrelease supervision of two years. Defendant appeals, and we affirm.
To begin, defendant does not attack the validity of his guilty plea and appeal waiver. Although defendant's jurisdictional attack upon the superior court information survives his plea and waiver (see People v Pierce, 14 NY3d 564, 570 n 2 [2010]), it is without merit. The superior court information properly charged defendant with the same offenses contained in the felony complaint holding him for action by the grand jury (see CPL 195.20; People v Milton, 21 NY3d 133, 136 [2013]). Defendant later pleaded guilty to a reduced charge of attempted criminal possession of a controlled substance in the third degree, but that development did not retroactively alter the superior court information or render it invalid. A superior court information "has the same force and effect as an indictment" if valid at its inception and is subject to the same statutory provisions as an indictment, including that of permitting a plea to a reduced count (CPL 200.15; see CPL 200.10, 220.10 [4]; see also People v Pierce, 14 NY3d at 571-572; People v Cunningham, 86 AD3d 859, 860-861 [2011]). There was, as a result, no jurisdictional problem in defendant pleading guilty to a reduced count of the superior court information.
Assuming without deciding that defendant is correct in claiming that his incarceration rendered any attempt to possess the pills recovered from his residence a legal impossibility, that was no bar to him "plead[ing] guilty to a nonexistent crime in satisfaction of an [accusatory instrument] charging a crime for which a greater penalty may be imposed" (People v Guishard, 15 AD3d 731, 732 [2005], lv denied 5 NY3d 789 [2005]; see People v Tiger, 32 NY3d 91, 101 [2018]; People v Johnson, 89 NY2d 905, 907-908 [1996]). To the extent that defendant's argument may also be construed as a claim that it was [*2]factually impossible for him to commit the crime, and assuming that such an argument survives his appeal waiver (but see People v Mainello, 29 AD3d 1175, 1176 [2006]), a factual basis is not required for a guilty plea to a reduced charge (see People v Favreau, 174 AD3d 1226, 1228 [2019], lv denied 34 NY3d 980 [2019]; People v McNulty, 70 AD3d 1127, 1128 [2010]).
Finally, defendant's challenges relating to County Court's suppression ruling survive his guilty plea, but are forfeited by his unchallenged appeal waiver (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Andino, 185 AD3d 1218, 1219 [2020], lvs denied ___ NY3d ___ [Oct. 8, 2020]; People v Miller, 172 AD3d 1530, 1532 [2019], lv denied 34 NY3d 935 [2019]).
Lynch, J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.