People v Harrison (2023 NY Slip Op 06174)

People v Harrison

2023 NY Slip Op 06174

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

113562
[*1]The People of the State of New York, Respondent,
v
Rayquinshawn Harrison, Also Known as Ray, Appellant.

Calendar Date:November 9, 2023

Before:Clark, J.P., Aarons, Ceresia, Fisher and Mackey, JJ.

Martin J. McGuinness, Esq., PLLC, Saratoga Springs (Martin J. McGuinness of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered January 14, 2022 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a six-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and agreed to waive his right to appeal. Pursuant to the terms of the plea agreement, defendant was sentenced to a prison term of seven years, to be followed by three years of postrelease supervision. Defendant appeals.
Initially, as the People concede and our review of the record confirms, defendant's waiver of the right to appeal is invalid. The record reflects that Supreme Court failed to adequately explain the nature and consequences of the appeal waiver or to elicit defendant's understanding thereof, and the written waiver executed by defendant is not included in the record before us (see People v Brewster, 194 AD3d 1266, 1266-1267 [3d Dept 2021], lv denied 37 NY3d 970 [2021]; People v Alexander, 174 AD3d 1068, 1068 [3d Dept 2019], lv denied 34 NY3d 949 [2019]; People v Barnhill, 135 AD3d 1247, 1248 [3d Dept 2016]). Given defendant's invalid appeal waiver, his challenge to the severity of his sentence is not precluded (see People v Ripley, 210 AD3d 1198, 1200 [3d Dept 2022], lv denied 39 NY3d 1074 [2023]; People v Ramjiwan, 209 AD3d 1176, 1177 [3d Dept 2022]). Nevertheless, in view of defendant's extensive criminal history, and considering that the underlying guilty plea was in satisfaction of five other charges, we do not find the negotiated prison sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). We agree with defendant, however, that the period of postrelease supervision imposed exceeds the statutorily permissible range (see Penal Law §§ 60.04 [3]; 70.70 [2] [a]; 70.45 [2] [b]; 220.39; CPL 470.15 [4] [c]). Accordingly, we remit the matter for resentencing of the period of postrelease supervision (see People v Chambers, 185 AD3d 1141, 1146-1147 [3d Dept 2020], lv denied 36 NY3d 1055 [2021]; People v Manigault, 150 AD3d 1331, 1333-1334 [3d Dept 2017], lv denied 29 NY3d 1130 [2017]).
Clark, J.P., Aarons, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the period of postrelease supervision imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.