People v Mitchell (2024 NY Slip Op 03103)

People v Mitchell

2024 NY Slip Op 03103

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

112868
[*1]The People of the State of New York, Respondent,
v
Joseph S. Mitchell, Appellant.

Calendar Date:May 3, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher James Di Donna of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Otsego County (John F. Lambert, J.), rendered April 26, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant was a passenger during a traffic stop executed in the City of Oneonta, Otsego County. During the stop, defendant fled on foot and was apprehended a short time later following a pursuit. Upon his arrest, a search of defendant's person resulted in the discovery of cocaine, and a search of the area where the chase occurred revealed a semiautomatic handgun. Defendant was charged by indictment with criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. Following an unsuccessful motion to suppress, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and purported to waive his right to appeal. Defendant was subsequently sentenced, in accordance with the plea agreement, to a prison term of three years to be followed by 1½ years of postrelease supervision. Defendant appeals.
Initially, we agree that defendant did not validly waive his right to appeal. Although County Court stated passingly during the oral colloquy that the "right to appeal is . . . separate from [defendant's] guilty plea," the court failed to elucidate upon this to adequately explain the "distinct nature of the waiver" (People v Potter, 219 AD3d 1648, 1648 [3d Dept 2023]; see People v Thaxton, 222 AD3d 1171, 1172 [3d Dept 2023]; People v Miller, 221 AD3d 1177, 1178 [3d Dept 2023]). The court also advised that certain rights survived the appeal waiver, but that defendant was "giving up [his] rights to appeal everything else." While this language does suggest that some appellate rights may survive, the terse and confusing colloquy was insufficient to establish that defendant understood the nature and ramifications of the appeal waiver (see People v Vazquez, 222 AD3d 1104, 1105 [3d Dept 2023], lv denied 41 NY3d 944 [2024]; People v Harrison, 221 AD3d 1369, 1369 [3d Dept 2023]; People v Adkins, 221 AD3d 1065, 1065 [3d Dept 2023]). The written waiver, executed before sentencing, did not remedy these failings in the oral colloquy. Considering the totality of the circumstances, we find that defendant did not knowingly, voluntarily and intelligently waive the right to appeal.
In light of defendant's invalid appeal waiver, his challenge to County Court's (Burns, J.) suppression ruling is not precluded (compare People v Bonacci, 188 AD3d 1447, 1449 [3d Dept 2020], lv denied 37 NY3d 954 [2021]). However, contrary to defendant's assertion, we find that the court properly found that there was reasonable suspicion that he may have been engaged in criminal activity. "[A] defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to [*2]reasonable suspicion, the necessary predicate for police pursuit" (People v Woods, 98 NY2d 627, 628 [2002] [internal quotation marks and citation omitted]; see People v Rose, 155 AD3d 1322, 1324 [3d Dept 2017], lv denied 31 NY3d 986 [2018]).
At the suppression hearing, a detective with the Oneonta City Police Department testified that a confidential informant had performed a controlled buy from an individual associated with a specific room at a local motel. Upon arriving at this motel, the detective spoke to the front desk clerk, who provided the vehicle information associated with the room in question. The detective and his partner surveilled the room and observed four individuals get into the vehicle in question, which the detectives then proceeded to follow. Upon observing the vehicle commit a traffic violation, the detective initiated the emergency lights and executed a traffic stop. The vehicle did not immediately stop and instead sped up and slowed down "a couple of times" before coming to a stop. When the vehicle finally came to a complete stop, defendant exited the vehicle and fled on foot, at which point the detective gave chase. During the pursuit, the detective heard a "clink" against a metal fence next to defendant. Defendant was apprehended, and, upon a search of his person, a clear plastic bag with several knotted baggies containing a white chunky substance was found in his pants pocket; and, upon inspecting the area where the detective had heard the "clink," a semiautomatic handgun was located. Deferring to County Court's credibility determinations, the pursuit of defendant was justified as the surrounding circumstances provided a reasonable suspicion of criminal activity (see People v Gregory, 33 NY3d 1017, 1018 [2019]; People v Parker, 32 NY3d 49, 57 [2018]; People v Wright, 210 AD3d 1486, 1490 [4th Dept 2022]; People v Morris, 105 AD3d 1075, 1077 [3d Dept 2013], lv denied 22 NY3d 1042 [2013]; compare People v Rose, 155 AD3d at 1324). Thus, the court did not err in denying the suppression motion.
Garry, P.J., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.